IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY GRAVES-BEY, | No. C 15-4638 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, EDWARD JOHNSTON, S. CROSBY, G.R. KOELLING, J. ROSS, ARLO SMITH, ALPHA BULE, DAVID MELTON, ARLENE M. SAUSER, N. STRETCH, SARAFANE CROSBY, | (Dkt. 2) |
| Defendants. | |

## INTRODUCTION

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a California prisoner. He claims that defendants, who were state prosecutors, public defenders, and state court judges, violated his constitutional rights in the course of his criminal proceedings in the late 1980s and early 1990s. For the reasons discussed below, the complaint is **DISMISSED** without prejudice.

## DISCUSSION

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     LEGAL CLAIMS**

Plaintiff alleges that he was convicted and sentenced for possession of drugs multiple times in the 1980s and 1990s, he believes unfairly. He seeks money damages and injunctive relief against defendants, who are employees of the District Attorney's Office, the Public Defender's Office, and the San Francisco County Superior Court for supplying false statements in criminal reports, malicious prosecution, false arrest and false imprisonment. He seeks ten million dollars in damages and a declaratory judgment.

Plaintiff's claims for monetary damages are not allowed. The United States Supreme Court has held that to recover damages for an allegedly unconstitutional confinement, or for other harm caused by actions whose unlawfulness would render the confinement invalid, a plaintiff must prove that the judgment has been reversed on direct appeal, expunged by

2

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994). If plaintiff were successful here on his claims that arrest, indictment, prosecution, and imprisonment, were all unconstitutional, that would necessarily imply the invalidity of his conviction, sentence and confinement. Accordingly, plaintiff's claims for monetary damages are dismissed without prejudice until and unless his conviction and sentence are overturned or otherwise called into question. *See generally Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1997).

Plaintiff's claims for an injunction to stop the defendants from charging or prosecuting him again on the same charges are also barred. Injunctive relief may not be granted absent a great and immediate threat that the plaintiff will suffer future irreparable injury for which there is no adequate remedy at law. *Nava v. City of Dublin*, 121 F.3d 453, 458 (9th Cir. 1997). Past injury to plaintiff is usually insufficient to satisfy this requirement. *Id.* at 459. Plaintiff has alleged no threat that he will be prosecuted on the same charges again. He has alleged that he was unfairly charged and prosecuted for the same offense in the late 1980s and 1990s, but he has alleged no current indication that defendants intend to prosecute him again now, nearly 20 years later. As there is no allegation of a current, let alone immediate, threat of harm to plaintiff, his claim for injunctive relief is denied without prejudice to bringing such a claim again in the future when and if such a threat arises.

## CONCLUSION

For the reasons set out above, this action is **DISMISSED** without prejudice. In light of this conclusion, the motion for appointment of counsel (dkt. 3) is **DENIED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October   21   , 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3